IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| LISA FINNEY, | : | |
| Plaintiff, | : | Case No. 3:18-cv-267 |
| vs. | : | JUDGE WALTER H. RICE |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #11) IN THEIR ENTIRETY; OVERRULING PLAINTIFF'S OBJECTIONS THERETO (DOC. #12); JUDGMENT TO BE ENTERED IN FAVOR OF DEFENDANT COMMISSIONER AND AGAINST PLAINTIFF, AFFIRMING COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT; TERMINATION ENTRY

---

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits. On August 26, 2019, the United States Magistrate Judge filed a Report and Recommendations (Doc. #11), recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act be affirmed. Plaintiff has filed Objections to the Report and Recommendations (Doc. #12).

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a *de novo* review of those recommendations of the report to which objection is made. This *de novo* review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings "are supported by substantial evidence." *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 390 (6th Cir. 2005). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed.2d 126 (1938). "Substantial evidence means more than a mere scintilla, but only so much as would be required to prevent a directed verdict." *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established. . . . [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d

839, 840 (6th Cir. 1986) (quoting *N.L.R.B. v. Columbian Enameling and Stamping Co.*, 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660 (1939)).

In determining "whether there is substantial evidence in the record . . . we review the evidence in the record taken as a whole." *Wilcox v. Sullivan*, 917 F.2d 272, 276-77 (6th Cir. 1980) (citing *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980)). However, the Court "may not try the case *de novo*[;] nor resolve conflicts in evidence[;] nor decide questions of credibility. *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Rather, if the Commissioner's decision "is supported by substantial evidence, then we must affirm the [Commissioner's] decision[,] even though as triers of fact we might have arrived at a different result." *Elkins v. Sec'y of Health and Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981) (citing *Moore v. Califano*, 633 F.3d 727, 729 (6th Cir. 1980)).

Plaintiff suffers from fibromyalgia, affective disorder and anxiety disorder. The Administrative Law Judge ("ALJ") found that Plaintiff had the residual functional capacity to perform light work, with several restrictions. Doc. #5-2, PageID##60, 62. Plaintiff appealed, arguing that the ALJ erred in evaluating opinion evidence and medical evidence. More specifically, she objected to the

3

ALJ's failure to give more weight to the opinion of Cliff Fawcett, a certified nurse practitioner.

The Magistrate Judge found that the ALJ's decision was supported by substantial evidence and that the ALJ provided numerous reasons for giving Nurse Fawcett's opinion little weight. Doc. #11, PageID##1060-65. She therefore recommended that the ALJ's non-disability finding be affirmed.

Plaintiff filed Objections to the Report and Recommendations, Doc. #12. However, this cursory 2½ page filing is simply a general objection to the recommended disposition. She challenges no specific findings of the Magistrate Judge. Rather, she simply cites to the same arguments made in her Statement of Errors concerning why she believes the ALJ committed reversible error. In *Howard v. Secretary of Health and Human Services*, 932 F.2d 505 (6th Cir. 1991), the Sixth Circuit held that general objections of this type are akin to no objections at all. the Court held:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error. We should not permit appellants to do the same to the district court reviewing the magistrate's report. *See Arn*, 474 U.S. at 148, 106 S.Ct. at 471.

4

*Howard*, 932 F.2d at 509.

On this basis, the Court OVERRULES Plaintiff's Objections to the Report and Recommendations, Doc. #12. The Court ADOPTS the Magistrate Judge's Report and Recommendations, Doc. #11. Based upon reasoning and citations of authority set forth in that judicial filing, the Court AFFIRMS the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act.

Judgment shall be entered in favor of Defendant and against Plaintiff.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

September 29, 2019

_____
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT